NOONAN, Circuit Judge,
dissenting:
As the opinion applying Goetzke accurately states, the crime is the attempt to persuade a minor to engage in sexual intercourse with the defendant. As the opinion also accurately states, an expert is forbidden to testify to the existence of the defendant’s intent to commit the crime that is charged. Fed.R.Evid. 704(b). No rule, however, prohibits the expert from testifying to the existence or absence of the defendant’s intent to commit the uncharged crime of attempting to have sexual intercourse with a minor. That testimony was what the defense offered, and it was excluded.
It was excluded because it was said to be irrelevant: it wasn’t the crime charged. But it was highly relevant. If the defendant did not intend to have intercourse with the minor, he was unlikely to be attempting to persuade her to have intercourse. What the expert would testify to is a circumstance, a circumstance that makes it considerably less likely that the crime that has been charged actually took place.
The expert testimony was also excluded because it would confuse the jury. It would have required the jury to distinguish between the intent to attempt to *1181 persuade and the intent to have sexual intercourse. The distinction may be difficult to grasp but it is essential to the case. The prosecution succeeds only by proving an intent to attempt. If the jury is able to grasp the essence of the prosecution’s case, the jury can distinguish between the ultimate intent to be proved by the prosecution and the intent the expert would testify to.
I do not believe that our per curiam in Goetzke and Judge Posner’s opinion in Gladish need to be read in conflict. Judge Posner quotes Goetzke at length and favorably. Both opinions agree that Rule 704(b) blocks expert testimony on the intent to commit the charged crime. Judge Posner goes on to point out how the expert may testify to a circumstance that makes it unlikely that the defendant did commit the charged crime.
In our case, the jury could have believed or not believed the expert that Hofus only fantasized about actual sexual intercourse. It was vital to the defense to have the expert’s testimony before the jury. To deny the defense the right to present it was to deny the right of the accused to present a defense. The denial was prejudicial to the defense and violative of the Sixth Amendment.